McGREGOR W. SCOTT
United States Attorney
ROSS PEARSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK LEE GONZALES,<br><br>Defendant. | CASE NO.  1:19-CR-204-DAD-BAM<br>               1:19-CR-203-DAD-BAM<br><br>STIPULATION TO VACATE STATUS CONFERENCE AND SET CHANGE OF PLEA; AND ORDER<br><br>DATE: December 9, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on December 9, 2020. The parties stipulate to vacate the status conference, to set this case for change of plea before Judge Dale A. Drozd on January 25, 2021, at 10:00 a.m., and to exclude time under the Speedy Trial Act between December 9, 2020, and January 25, 2021.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

STIPULATION TO VACATE STATUS CONFERENCE AND
SET CHANGE OF PLEA

2

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on December 9, 2020.

2. By this stipulation, the parties now move to vacate the status conference, to set a change of plea for January 25, 2021, at 10:00 a.m. before the Honorable Judge Dale A. Drozd, and to exclude time between December 9, 2020, and January 25, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) These cases are related, for purposes of discovery production, to a months-long investigation into the Hells Angels Motorcycle Club in Modesto, which included over 90 days of federal wiretaps. As such, the government has represented that the discovery associated with this case includes over 7,000 pages of police reports, FBI serials, wiretap documents, intercepted calls and text messages, photographs, cell phone reports, and other media. This discovery has been either produced directly to counsel and/or made available for inspection and copying. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) The parties have also reached a plea agreement, and need the additional time to schedule a change of plea hearing.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) In addition to the public health concerns cited by the General Orders, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

this case because some of the parties are high-risk due to factors such as age and medical conditions.  Counsel for the parties have also been limited in their ability to conduct investigation and research the case due to shelter-in-home orders and remote working limitations.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 9, 2020 to January 25, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  In addition, this continuance results from the period of time between when the parties reached a plea agreement and when the defendant will enter the plea, and therefore it is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4].  *See United States v. Alvarez-Perez*, 629 F.3d 1053, 1058 (9th Cir. 2010).

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 1, 2020         McGREGOR W. SCOTT
                                 United States Attorney


                                 /s/ ROSS PEARSON
                                 ROSS PEARSON
                                 Assistant United States Attorney

Dated:  December 1, 2020         /s/ JAI GOHEL
                                 JAI GOHEL
                                 Counsel for Defendant
                                 PATRICK LEE GONZALES
                                 (Authorized by email on
                                 December 1, 2020)


## **ORDER**

IT IS SO ORDERED that the status conference set for December 9, 2020 be vacated and a change of plea hearing be set for **January 25, 2021, at 10:00 a.m. before District Judge Dale A. Drozd**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **December 2, 2020**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE